Marc C. Forsythe - State Bar No. 153854
Robert P. Goe - State Bar No. 137019
Charity J. Miller - State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Suite 510
Irvine, CA 92612
Telephone: (949) 798-2460
Facsimile: (949) 955-9437
mforsythe@gorforlaw.com
rgoe@goeforlaw.com
cmiller@goeforlaw.com

Attorneys for Debtor and Debtor-in Possession
Rosalva Ramirez

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

In re:

**ROSALVA RAMIREZ**, an individual,

Debtors and
Debtors-in-Possession.

Case No 8:15-bk-14580-ES

Chapter 11 Proceeding

**DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED APRIL 29, 2016; DECLARATION OF ROSALVA RAMIREZ SUPPORT THEREOF**

Disclosure Statement Hearing

DATE:  April 21, 2016
TIME:  10:30 a.m. P.S.T.
CTRM:  5A

Confirmation Hearing

DATE:  June 30, 2016
TIME:  10:30 a.m. P.S.T.
CTRM:  5A

# I.

# INTRODUCTION

Rosalva Ramirez ("Debtor") is the Debtor in this Chapter 11 Bankruptcy Case. A plan of reorganization has been proposed by Debtor (as may be amended). On September 18, 2015 (the "Petition Date"), this bankruptcy case was initiated by Debtor under Chapter 11 of the Bankruptcy Code. The document you are reading is the First Amended Plan ("Plan"). The Bankruptcy Court has not yet determined whether the Plan is confirmable and makes no recommendation as to whether or not you should support or oppose the Plan.

**A.     Statement In Support Of the Plan**

This is a reorganizing Chapter 11. The Reorganized Debtor[1] shall become the owner of all assets of the Debtor's Estate. The Plan provides to pay Allowed Claims under the Plan through payments to be made over time from the Effective Date that will be funded by the Reorganized Debtor's Revenue from the Property, contributions from family members, and Debtor's Projected Disposable Income for 5 years Pro-Rata to holders of Allowed General Unsecured Claims. Of Debtor's two (2) undisputed Secured Creditors, one is unimpaired. The Effective Date of the Plan is thirty (30) days after the Confirmation Date.

# II.

# SUMMARY OF THE PLAN

**A.     Classification of Claims and Interests Under the Plan.**

    1.     **Generally.**

In accordance with section 1122 of the Bankruptcy Code, Claims and Interests, other than Administrative Claims and Priority Tax Claims, shall be divided in Classes and receive such treatment as described below. Administrative Claims and Priority Tax Claims are not placed into a voting class in the Plan; instead they are unclassified. They are not considered impaired under either Plan and they

---

[1] All defined terms in this Plan shall have the same meaning as those defined in the Debtor's Disclosure Statement.

do not vote on either Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

2. **Classes Under the Plan.**

Claims against, and Interests in, the Debtor are grouped in the following Classes for purposes of the Plan in accordance with Section 1122(a) of the Bankruptcy Code:

- <u>Class 1 – Other Priority Claims</u>.  This Class is Unimpaired.
- <u>Class 2 – East West Bank Allowed Secured Claim the Property</u>.  This Class is Unimpaired.
- <u>Class 3 – David and Frances Shek Allowed Secured Claim on the Property</u>.  This Claim is Impaired.
- <u>Class 4 – Firouzeh Gharaee and Ruth Cea Disputed Secured Claim on the Property</u>.  This Class is Impaired.
- <u>Class 5 – Mayanin Sotelo, Salon Envios, Inc., and Aurelio and Faviola Vera, Unsecured Disputed Claims</u>.  This Class is Unimpaired.
- <u>Class 6 – General Unsecured Claims</u>.  This Class is Impaired.
- <u>Class 7- Debtor's ownership of Debtor's Assets</u>.  This Class is Unimpaired.

B.   **Treatment of Unclassified Claims Under the Plan**

1. **Administrative Claims**

Administrative expenses are claims for costs or expenses of administrating Debtor's Chapter 11 case which are allowed under Section 507(a)(2).  The Code requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's known Section 507(a)(2) Administrative Claims and their treatment under the Plan.

| NAME | AMOUNT OWED | TREATMENT |
| --- | --- | --- |
| Goe & Forsythe, LLP Debtor's Attorneys | $75,000 (estimate) | Paid in full on the Effective Date or as agreed by the parties including contributions from family |

|  |  | members |
|---|---|---|
| Clerk's office fees | to be determined | Paid in full on Effective Date |
| Office of U.S. Trustee Fees | to be determined | Paid in full on Effective Date |

Court Approval of Fees Required

The Court must rule on all Professional Fee Claims listed in this chart before the fees will be owed by the Debtor.  For all fees except the Clerk's Office fee and the United States Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

2.    **Priority Tax Claims**

Priority Tax Claims include certain unsecured income, employment and other taxes described by Section 507(a)(8).  Each holder of an Allowed Priority Tax Claim against the Debtor shall receive, on the Effective Date, in full satisfaction, release and discharge of such Allowed Priority Tax Claim, at the election of the Debtor, either (i) Cash payment in the amount of the holder's Allowed Priority Tax Claim; (ii) deferred Cash payments over a period not to exceed five (5) years, from the Petition Date, equal to the Allowed amount of such claim; (iii) in a manner not less favorable than the most favored unsecured claim provided for by the Plan; or (iv) such other terms as may be agreed upon by such holder and the Debtor.  The rate of interest to be paid on Priority Tax Claims paid out over a period not to exceed five (5) years from the Petition Date shall be equal to the underpayment rate specified in 26 U.S.C. § 6621 (determined without regard to 26 U. S. C. § 6621(c)) as of the Effective Date or such higher rate as required by 11 U.S.C. § 511(a), which Debtor contends is 4%.

Holders of Allowed Priority Tax Claims shall not be entitled to receive any payment on account of post-Petition Date interest on, or penalties with respect to or arising in connection with, such Priority Tax Claims, except as allowed by the Court, and all Claims or demands by holders of Priority Tax Claims for post-Petition Date interest or penalties thereon, except as may be allowed by the Court, shall be disallowed by the Plan and the Confirmation Order, and the holders of Priority Tax Claims

shall not assess or attempt to collect any principal, interest or penalties from the Reorganized Debtor, or its assets.

Upon any payment default (after a 30-day cure period), the respective taxing authorities administrative collection powers and rights shall be reinstated as they existed prior to the Petition Date.

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| Internal Revenue Service | **$3,854.01 Priority Debt** (Per Filed Proof of Claim in the amount of $4,914.79) | If Allowed, paid in full, over 60 months from the Petition Date with interest currently at 4%. |
| California Franchise Tax Board | **$1,134.44 Priority Debt** (Per Filed Proof of Claim in the amount of $1,224.04) | If Allowed, paid in full, over 60 months from the Petition Date with interest currently at 4%. |

**C.    Treatment of Classified Claims and Interests Under the Plan**

1.    **Class 1:    Other Priority Claims**

Certain priority claims that are referred to in Bankruptcy Code Sections 507(a) (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Bankruptcy Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim.

| Class #1 | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| Other Priority Claims | Kurios (Priority Rental Deposit Claim Per 11 U.S.C. §507(a)(7)- $2,775 entitled to priority) | N | N | Paid in full on the Effective Date of the Plan. |

Debtor is not aware of the existence of any claims under Bankruptcy Code Sections 507(a)(4), (a)(5), and (a)(6).

2. **Class 2:** **East West Bank Allowed Secured Claim**

| Class #2 | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| East West Bank | East West Bank Secured Claim <u>Collateral Description:</u> The Property <u>Collateral Value:</u> $1,500,000+ <u>Priority of Security Interest:</u> First position trust deed <u>Principal owed:</u> Approx: $499,885.86 <u>Pre-petition arrearage amount:</u> N/A | N | Y | Payments will be made pursuant to existing Note and Deed of Trust in the monthly amount of $1,591.76. East West Bank shall retain its lien on the Property which will be unaffected. |

3. **Class 3:** **David and Frances Shek Allowed Secured Claim**

| Class #3 | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| Sheks | David and Frances Shek trust deed <u>Collateral</u> | N | Y | This debt will be accrue 3% interest and shall be paid in full sixty (60) months from the |

| | | | |
|---|---|---|---|
| Description: The Property Collateral Value: $1,500,000+ Priority of Security Interest: Second position trust deed Principal owed: Approx: $50,000 Pre-petition arrearage amount: N/A | | | Effective Date of the Plan. The Sheks shall retain their lien on the Property, which shall be unaffected. |

4.  **Class 4:**    **Firouzeh Gharaee and Ruth Cea Disputed Secured Claim**

| Class #4 | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| Gharaee Plaintiffs | Disputed Secured claim of: Firouzeh Gharaee and Ruth Cea Collateral Description: The Property Collateral Value: $1,500,000+ Priority of Security Interest: Third position trust deed Principal owed: | N | Y | No payment until and unless the Claim becomes an Allowed Claim, after pending litigation is resolved by a Final Order.  If the Claim is Allowed, payment shall be made in full through the refinancing or sale of the Property, within one hundred and eighty (180) days of becoming an Allowed Claim.  The Gharaee Plaintiffs can take no action to enforce their deed of trust against the Property. |

| | | | | |
|---|---|---|---|---|
| | Unknown as Claim is subject to pending litigation and Debtor seeks to have it disallowed. Disputed trust deed is recorded in the amount of $400,000 <u>Pre-petition arrearage amount:</u> N/A <u>Other charges and fees claimed:</u> Unknown <u>Post-petition arrearage amount:</u> N/A <u>Total claim amount:</u> Estimated at $0.00 Claims are disputed and litigation is pending and on appeal regarding the validity of this Claim. | | | |

5.  **Class 5:**     **Mayain Sotelo, Salon Envios, Inc., and Aurelio and Faviola Vera Disputed Unsecured Claim**

| <u>Class #5</u> | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Sotelo Plaintiffs | Mayanin Sotelo, Salon Envios, Inc,, and Aurelio and Faviola Vera's Disputed, unliquidated claims based on unperfected loans alleged secured by the Property. Subject to pending litigation. Claim amounts unknown and for purposes of the plan, are estimated at $0.00 as these creditors failed to file proofs of claim. | N | N | Class 5 Creditors failed to file Proofs of Claim. Therefore, these Creditors are not entitled to distribution under the Plan. |

6. **Class 6:    General Unsecured Allowed Claims**

| **Class #6** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
|---|---|---|---|---|
| General Unsecured Claims | General Unsecured Claims including: IRS ($1,060.78); FTB ($89.60); David and Frances Shek ($15,000); Kurios ($225.00); | N | Y | Class 6 Claims will be paid biannually for 5 years starting 6 months from the Effective Date their Pro-Rata share of Debtor's Projected Disposable Income or from contributions from family members, in full and complete satisfaction of their Claims, with interest |

| | | | | |
|---|---|---|---|---|
| | Discover Card ($3,542.70 based on POC 1); Capital One ($1,888.35 based on POC #2); AT&T Mobility ($973.77 POC #6); Barclay's Bank Delaware ($5,465.00 scheduled); Swift Fnds ($197.00 scheduled) **Total Claims: $28,444.20** | | | at the federal judgment rate. The total biannual payment on these claims will be approximately $2,844.42. |

7. **Class 7:**     **Interests in Debtor**

| <u>Class #7</u> | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| Debtor | Debtor's ownership of Debtor's Assets | N | N | The Confirmation of the Plan revests all of Debtor's Assets in the Debtor and Reorganized Debtor subject to the obligations herein. |

**D.    Allowed Claims**

Distributions shall only be made to holders of Allowed Claims. No holder of a Disputed Claim will receive any distribution on account thereof until (and then only to the extent that) its Disputed Claim becomes an Allowed Claim. Debtor may, in its discretion, withhold distributions otherwise due hereunder to any Claimholder until such time as objections thereto may be Filed. Any holder of a

Claim that becomes an Allowed Claim after the Effective Date will receive its distribution in accordance with the terms and provisions of this Plan and the Confirmation Order.

E.  **Reservation of Rights to Object to Claims**

Unless a Claim is expressly described as an Allowed Claim pursuant to or under this Plan, or otherwise becomes an Allowed Claim prior to or after the Effective Date, Debtor shall retain the right to object and shall be deemed to have reserved any and all objections to any and all Claims and motions or requests for the payment of Claims, whether administrative expense, priority, secured or unsecured, including, without limitation, any and all objections to the validity or amount of any and all alleged Claims and security interests, whether under the Bankruptcy Code, other applicable law or contract. The Debtor's failure to object to any Claim in the Bankruptcy Case shall be without prejudice to Debtor's rights to contest or otherwise defend against such Claim in the Bankruptcy Court when and if such Claim is sought to be enforced by the holder of such Claimholder.

F.  **Executory Contracts And Unexpired Leases**

   1.  **Assumptions**

On the Effective Date, the following executory contracts and unimpaired leases will be assumed:

   NONE

Debtor reserves its rights to supplement this assumption list on proper notice to the counter party to such agreement(s).

   2.  **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:

   NONE

G.  **Means of Effectuating the Plan**

   1.  **Procedures Implemented to Resolve Financial Problems**

This is a reorganizing Chapter 11. The Plan will be funded by the Reorganized Debtor through her Projected Disposable Income or from contributions from family members and the Revenue from the Property.

     2.    **Proposed Post-Confirmation Management**

Debtor will manage the Debtor's Assets for a 0% management fee plus costs.

     3.    **Disbursing Agent**

The Reorganized Debtor shall act as the disbursing agent for the purpose of making all distributions required under the Plan. The disbursing agent shall serve without bond and shall not be compensated for distribution services rendered and expenses incurred pursuant to the Plan.

     4.    **Funding**

The Plan will be funded by the Debtor's Projected Disposable Income including the Revenue from the Property and income from contributions from family members.

     5.    **Projected Income and Expenses.**

Debtor will pay the Allowed Claims, as discussed above and as set forth in the Projections attached to the disclosure statement.

**H.**    **Proposed Deadlines For Claims and Objection to Claims.**

The deadline for filing Proofs of Claim in this case was November 15, 2015. A true and correct copy of the Claims Register is attached to the Disclosure Statement as **Exhibit "4"**. The deadline for objecting to claims is not yet set, but Debtor will request such a date at the Confirmation hearing.

### III.

### EFFECT OF CONFIRMING THE PLAN

**A.**    **Discharge**

This Plan provides that upon completion of the payments required of Debtor's Projected Disposable Income for 5 years, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan to the extent specified in Section 1141. However, the discharge will not discharge any liability imposed by the Plan.

**B.**    **Revesting Of Property In Debtor**

The Confirmation of the Plan revests all of the property of the Estate in the Reorganized Debtor.

**C.     Property Free and Clear of Claims**

Except as provided herein to the contrary, all property of the Estate distributed under the Plan shall be distributed free and clear of all Claims of all Claimants, Interest Holders, parties-in-interest and other entities.

**D.     Limitation of Liability.**

All Parties shall have all of the benefits and protections afforded under Section 1125(e) of the Bankruptcy Code and applicable law.

**E.     Injunction**

As set forth in the Plan, certain claims are discharged, released, and/or otherwise limited (collectively, the "Restricted Claims") by Plan.  From and after the Effective Date, all Persons are hereby permanently enjoined from pursuing these Restricted Claims against the Debtor or the Property, including:

(A)     commencing or continuing, in any manner or in any place any action or other proceeding on account of such Restricted Claims;

(B)     enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order on account of such Restricted Claims;

(C)     creating, perfecting or enforcing any lien, lis pendens, or other encumbrance against their property on account of such Restricted Claims; and

(D)     asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to a Debtor on account of such Restricted Claims.

**F.     Term of Bankruptcy Injunction or Stays**

All injunctions or stays provided for in the Bankruptcy Case under Bankruptcy Code section 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  Upon the Effective Date, the injunction provided in Article I. above shall apply

**G.     Post-Confirmation Status Report**

Within one-hundred twenty (120) days of the entry of the Confirmation Order, Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the Office of the United States Trustee, the twenty (20) largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every one- hundred twenty (120) days and served on the same entities.

**H.     Final Decree**

Once the estate has been fully administered as referred to in Federal Rule of Bankruptcy Procedure 3022, the Reorganized Debtor, or such other party as the Court shall designate in the Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case.

**I.     Retention of Jurisdiction**

Notwithstanding Confirmation, the Court shall retain jurisdiction for all of the following purposes plus such other purposes as may be provided by the Code:

1.     The determination of requests for payment of Claims entitled to priority under Section 507 including all applications of professionals for compensation;

2.     Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease;

3.     The resolution of any disputes regarding the interpretation, enforcement, breach, performance and/or a default under this Plan;

4.     The implementation, execution or consummation of the provisions of this Plan (and any dispute with regard thereto) and entry of orders in aid of consummation or enforcement of this Plan, including without limitation, appropriate Orders to effect the provisions of this Plan and to protect the Disbursing Agent from Creditors' actions;

5.     Objections to any Claims filed;

6.     Determination of any Avoidance Action or other litigation before the Court;

7. The adjudication of any challenge to an allowed Claim by any party-in-interest based on evidence as may be obtained subsequent to the confirmation of the Plan.  The Debtor reserves the right to challenge thusly all allowed Claims subsequent to the entry of the Order of Confirmation.

8. The modification of this Plan pursuant to Section 1127; and

9. The entry of a final decree closing this Chapter 11 case.


Dated:  April 29, 2016

GOE & FORSYTHE, LLP

BY: */s/ Charity J. Miller*
        MARC C. FORSYTHE
        ROBERT P. GOE
        CHARITY J. MILLER
        ATTORNEYS FOR DEBTOR AND
        DEBTOR-IN-POSSESION

## DECLARATION OF ROSALVA RAMIREZ

I, Rosalva Ramirez, hereby declare:

1. I am the Debtor and Debtor-in-Possession herein (the "Debtor"). I have personal knowledge of the facts stated herein, and if called upon to testify, I could and would competently and truthfully testify thereto.

2. I have personal knowledge of my finances. I have reviewed Debtor's First Amended Chapter 11 Plan of Reorganization Dated April 29, 2016 (the "Plan").

3. All statements and representations made in the Plan are truthful and accurate and I support approval of the same.

I declare under penalty of perjury under the laws of the state of California and United States of America, that the foregoing is true and correct

EXECUTED this 29th day of April 2016 at Irvine, California.

_____
Rosalva Ramirez

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED FEBRUARY 29, 2016; DECLARATION OF ROSALVA RAMIREZ SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 29, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Frank Cadigan      frank.cadigan@usdoj.gov
- Marc C Forsythe     kmurphy@goeforlaw.com, mforsythe@goeforlaw.com
- Charity J Miller     cmiller@goeforlaw.com, kmurphy@goeforlaw.com
- Ramesh Singh     claims@recoverycorp.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Christopher P Walker     cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) April 29, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 29, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2016    Charity J. Miller | /s/Charity J. Miller |
|---|---|
| *Date             Printed Name* | *Signature* |